CRAWLEY, Judge,,
dissenting.
Although what happened to the daughter of F.G.W. (“the mother”) in this case was horrible and tragic, the evidence adduced at the dependency hearing simply fails to prove that the mother had any knowledge that her paramour would not be a proper person to entrust her daughter to during a visit to the store and while running an errand to purchase dinner at a fast-food restaurant. The mother had a long-standing relationship with her paramour, who she clearly trusted to care for her daughter. In fact, the mother testified that her paramour’s young son was present on the day she left the daughter with the paramour and that the paramour had requested to be allowed to spend some time with the daughter. In my view, the tragic outcome of the mother’s otherwise sound decision to leave her child with' a *6 known adult who was responsible based upon all the information that the mother had is simply insufficient, on its own, to amount to clear and convincing evidence that the mother’s sons are dependent because of her decision.
The mother also left her sons unsupervised on the day she left her daughter in the care of her paramour. Her sons were approximately 12 and 8 years old at the time. The record does not reveal the length of time the sons were left unsupervised. According to the testimony concerning the sons, neither son has had any behavioral problems. The older son is described as a good student, while the younger son is described as an average student. Leaving a preteen son and his younger brother home alone is perhaps not the best choice a parent can make; however, in light of the dearth of evidence concerning the length of time the sons were home alone or other evidence indicating that leaving the sons home alone at their ages exposed them to significant danger, I cannot use that fact as a basis for determining them to be dependent children.
I would reverse the judgment of the juvenile court.